# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**RANDY SHAMBLIN,**
**Claimant Below, Petitioner**

**FILED**

September 15, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0517** (BOR Appeal No. 2054141)
                    (Claim No. 2018019469)

**NURSING CARE MANAGEMENT OF AMERICA, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Randy Shamblin, by Counsel William B. Gerwig III, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Nursing Care Management of America, Inc., by Counsel Alyssa A. Sloan, filed a timely response.

The issue on appeal is Mr. Shamblin's entitlement to medical treatment. On September 26, 2018, the claims administrator denied a request for a right total knee replacement. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's decision on April 3, 2019. This appeal arises from the Board of Review's Order dated May 28, 2019, in which the Board of Review affirmed the decision of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Shamblin works as an Environmental Service Director for Nursing Care Management of America, Inc. The record contains an employee incident report dated January 19, 2018, stating that he injured his right knee while moving bags of salt and unloading a washing machine on January 17, 2018. Mr. Shamblin was seen by Dina Criniti, D.O., on January 25, 2018, for a routine check-up. Mr. Shamblin has a history of treatment for osteoarthritis of the knee. Dr. Criniti found Mr. Shamblin's right knee to be aspirated, and he was given an injection of Lidocaine and Kenalog. An x-ray was ordered of his right knee. The x-ray, which was performed on January 26, 2019, revealed no evidence of acute abnormality.

1

Mr. Shamblin was evaluated by Jason Castle, M.D., on January 30, 2018. Mr. Shamblin reported that he had been experiencing right knee pain for about two weeks. He related his symptoms to a workplace injury on January 18, 2018. After examination, Dr. Castle diagnosed Mr. Shamblin with a sprain of the medial collateral ligament of the right knee and right knee pain. He was given a cortisone injection in his right knee and was prescribed Tramadol. Based upon the diagnosis made by Dr. Castle, the claims administrator held the claim compensable for right knee sprain on March 1, 2018.

Mr. Shamblin was seen for a follow-up for his right knee with Dr. Castle on March 13, 2018. He reported that the cortisone injection was helpful for about three days. Because Mr. Shamblin had complaints of severe pain in his right knee, Dr. Castle ordered an MRI of the right knee to evaluate for bone or meniscus pathology. The MRI was performed on March 19, 2018. The impression was: 1) intact lateral meniscus with degenerative signal change. outer two thirds tear medial meniscus body pressure; 2) intact cruciate and collateral ligaments; 3) high grade chondromalacia medial knee joint compartment and osteochondral defect, weight bearing surface medial femoral condyle; and 4) atypical Baker's cyst versus ganglion superior to medial femoral condyle. On March 23, 2018, Dr. Castle explained to Mr. Shamblin that the MRI revealed a large osteochondral defect in the medial tibial plateau with resultant bone edema and mild to moderate chondromalacia along the medial femoral condyle. Because injections and other conservative treatment measures had failed to provide Mr. Shamblin relief, Dr. Castle recommended arthroscopic surgery with chondroplasty or microfracture of the osteochondral defect lesion. By claims administrator's Order dated March 28, 2018, the request for right knee arthroscopy was approved in the claim.

Mr. Shamblin underwent arthroscopic surgery on his right knee with partial medial meniscectomy and abrasion chondroplasty of the lateral femoral chondyle on April 23, 2018. The postoperative diagnoses were: 1) grade 4 chondromalacia of the lateral femoral condyle; 2) grade 4 chondromalacia of the trochlea; 3) grade 4 chondromalacia of the medial femoral chondyle; 4) grade 4 chondromalacia of the medial tibial plateau; 5) radial tear of the posterior horn of the medial meniscus; and 6) medial plica. Mr. Shamblin was seen by Dr. Castle for postsurgical follow-up on May 8, 2018. He reported that his right knee was doing well following surgery. Pain was well controlled and there was no evidence of erythema. Dr. Castle's impression was unilateral primary osteoarthritis of the right knee, plica syndrome of the right knee, and other meniscus derangements of the posterior horn of the right medial meniscus. Mr. Shamblin was instructed to increase his activity as tolerated and to return for follow-up care as needed. The claims administrator closed the claim for temporary total disability benefits on June 18, 2018.

On June 26, 2018, Mr. Shamblin returned to Dr. Castle for follow-up of his right knee with complaints of worsening right knee pain for several weeks. X-rays of the right knee showed tricompartmental degenerative changes with bone-on-bone medial joint space narrowing, degenerative joint disease in the patellofemoral joint, and small periarticular osteophytes, cysts, and subchondral sclerosis. Dr. Castle's impression was right knee primary osteoarthritis. Mr. Shamblin was given a Kenalog injection in his right knee. When he followed-up with Dr. Castle on July 24, 2018, Mr. Shamblin was still experiencing burning, throbbing and aching pain in his right knee. Dr. Castle found quadricep atrophy, effusion and moderate tenderness in the medial

patella femoral. There was moderate patella crepitation noted on physical examination. Dr. Castle concluded that Mr. Shamblin was suffering from advanced arthritic degeneration of the right knee. Dr. Castle stated that conservative treatment had failed and provided little consistent relief. Because Mr. Shamblin was having difficulty performing routine activities of daily living, Dr. Castle recommended a total right knee replacement. A request for the authorization for a total right knee arthroplasty was submitted on July 30, 2018.

Mr. Shamblin underwent another MRI on August 10, 2018. The MRI, conducted at Charleston Surgical Hospital, revealed medial and patella femoral compartment chondromalacia and subchondral cyst formation; intra-substance degenerative signal in the medial meniscus; an oblique tear in the posterior horn of the medial meniscus cannot be excluded. There was also a questionable horizontal tear of the lateral meniscus noted.

On August 21, 2018, Rebecca Thaxton, M.D., reviewed the medical records in regard to Mr. Shamblin's request for a right total knee replacement. She noted that the x-rays from January 26, 2018, showed degenerative changes and that the March 23, 2018, MRI of the right knee showed degenerative signal change at the medial meniscus and oblique tear extending to the inferior articular surface of the junction of the body and anterior horn. Although she noted that Mr. Shamblin incurred a meniscal tear in regard to the original work injury, Dr. Thaxton stated that the tear was repaired, and his pain decreased after the surgery. He later returned with an achy type of pain that he had complained of for four years. Dr. Thaxton concluded that treatment notes in the claim show that Mr. Shamblin's diagnosis of osteoarthritis is primary, and not secondary, to the injury in the clam. On August 28, 2018, Dr. Thaxton completed an addendum review, which included review of the primary care physician's check-up from January 25, 2018. She indicated that review of that record did not change her recommendation in her August 21, 2018, report. The claims administrator denied the request for the right total knee replacement on September 4, 2018. Mr. Shamblin protested the claims administrator's decision.

Mr. Shamblin was seen by Tony Majestro, M.D., on September 13, 2018, who indicated that he was in agreement with Dr. Castle that Mr. Shamblin needed a total right knee replacement for osteoarthritis of the knee. He underwent the suggested surgery with Dr. Majestro on September 24, 2018, for the pre-operative and post-operative diagnosis of degenerative arthritis of the right knee. The StreetSelect Grievance Board recommended that the decision to deny the surgery be affirmed and noted that the preponderance of the medical evidence does not support a causal relationship between the request for the total knee replacement arthroplasty and the compensable injury in the claim. Accordingly, the claims administrator affirmed its prior denial on September 26, 2018. Mr. Shamblin protested the claims administrator's decision.

On April 3, 2019, the Office of Judges found that the claims administrator properly denied the requested treatment as Mr. Shamblin failed to show by a preponderance of the evidence that the requested treatment is reasonably required to treat his compensable condition. Mr. Shamblin argued on protest that medical treatment should be provided to claimants who are unable to fully recover from an occupational injury due to the aggravating effects of a condition already present when the occupational injury occurred. He argued that his right knee symptoms are the result of his occupational injury and the aggravating effect of preexisting arthritis. Without total knee

replacement surgery, he will not be able to return to the normal activities of daily living he performed prior to being injured. The Office of Judges noted that the only compensable diagnosis in the claim is right knee sprain, and the weight of the evidence establishes that the request for total right knee replacement is to treat pre-existing right knee osteoarthritis. The Office of Judges therefore found that the record contains no medical evidence to support a finding that a total right knee replacement is medically necessary for treatment of the compensable condition of right knee sprain. The Office of Judges affirmed the claims administrator's September 26, 2018, Order denying Mr. Shamblin's request for total right knee replacement surgery. On May 28, 2019, the Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the decision.

After review, we agree with the decision of the Office of Judges, as affirmed by the Board of Review. Mr. Shamblin has failed to show by a preponderance of evidence that the requested surgery is reasonably required to treat his compensable condition. There is no medical evidence showing that Mr. Shamblin's significant degenerative condition in his knee has aggravated the compensable injury in the claim.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: September 15, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison